**GERARD J. JACKSON, ESQUIRE**
**1500 NORTH KINGS HIGHWAY**
**SUITE 205**
**CHERY HILL, NJ 08034**
**(856)229-7620**
**ATTORNEY FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

---

|  |  |  |
|---|---|---|
| STEVEN J. TRZASKA | : ; : | |
| Plaintiff | : : | Civil Action No. |
|  | : ; | 2:15-cv-02713-SDW-SCM |
| v. | ; | |
| L'OREAL USA, INC., ET AL | ; ; | |
| Defendants | ; | |

---

**MEMORANDUM OF LAW OF PLAINTIFF IN OPPOSITION TO MOTION OF**
**DEFENDANT L'OREAL USA, INC. FOR DISMISSAL OF PLAINTIFF'S FIRST**
**AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6)**

# TABLE OF CONTENTS

I. BACKGROUND      1

II. <u>RELEVANT LEGAL STANDARDS</u>      3

A.    RULE 12(b)(6) MOTION SHOULD BE DENIED IF
COMPLAINT ON ITS FACTS PLEADS A PLAUSIBLE CAUSE OF
ACTION      3

B.    <u>CEPA IS REMEDIAL AND IS TO TO BE LIBERALLY
CONSTRUED</u>      4

III.    <u>ARGUMENT</u>      5

     <u>A.</u>    <u>AMENDED COMPLAINT STATES A VIABLE CEPA
CLAIM</u>      5

     B. L'OREAL SOUGHT TO UNDERMINE PLAINTIFF'S
MANDATED DUTY OF INDEPENDENT PROFESSIONAL
JUDGMENT      7

     C. PRACTICE BEFORE THE PATENT OFFICE INCLUDES
PRE-FILING CONSULTATIONS WITH CLIENT      14

     D. ADDITIONAL RESPONSIBILITIES OF ATTORNEYS
PRACTICING BEFORE USPTO      14

     E. SPECIFIC USPTO REQUIREMENTS FOR ATTORNEYS
WHO FILE MATERIALS WITH OFFICE      16

     F. CEPA DOES NOT REQUIRE AN EMPLOYEE TO COMMIT A
CRIME OR ENGAGE IN OTHER MISCONDUCT TO PERFECT A
STATUTORY WHISTLEBLOWER CLAIM.      19

     G. NO COMMON LAW CLAIM IS PLEADED: *PIERCE v. ORTHO
PHARMACEUTICALS CORP.* IS INAPPOSITE      21

     CONCLUSION      22

# Table of Citations

## CASES

Abbamont v. Piscataway Twp. Bd. Of Educ., 138 N.J. 405, 431,
  650 A.2d 958 (1994)                                                                      4, 5,

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).                  3

Blackburn v. United Parcel Service , 3 F. Supp. 2d 504 (D., N.J., 1998)    18, 21

Dzwonar v. McDevitt, 828 A.2d 893 (N.J., 1989)         15, 16, 19, 20

Ericksen v. Pardus, 551 U.S. 89, 94 (2007)             3

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir., 2009)      3

Hitesman v. Bridgeway, 218 N.J. 8 (2014)             12

Lippman v. Ethicon, Inc., 2015 N.J. LEXIS  791 (July15, 2015)     4, 21

Phillips v. County of  Allegheny, 515 F.3d 224, 231 (3d Cir., 2008)    3

Pierce v. Ortho Pharmaceuticals Corp., 84 N.J. 58 (1980)       21

Tartaglia v. UBS PaineWebber, Inc. 197 N.J. 81 (2008)       21

## REGULATIONS

37 C.F.R.  11                                    12

37 C.F.R. 11. 301                              6

37 C.F.R.  11.18.                            6, 16, 20

37 C.F.R. 11.201                             7, 12

37 C.F.R. Section 11.5(1)b

37 C.F.R. 11.102                              14

37 C.F.R. 11.303                                        **15**

37 C.F.R. 11.5(1(b)                                     13, 14,

37 CFR 11.106                                           2

37 CFR 11.18                                            10, 16, 17

37 C.F.R. 301                                           15

## RULES

F.R.C.P 12(b)(6).                                       3, 9

F.R.C.P. 11                                             16


Pennsylvania Rule of Professional Conduct 1.6           2

Pennsylvania Rule of Professional Conduct 3.1           6

## STATUTES

N.J.S.A. 34:19-1 (CEPA)                                 1, 4,22

18 U.S.C. 1001                                          16

## USPTO Publication

Manual of Patent Examining Procedure, USPTO, Chapter 2100,

http:/www.USPTO.GOV                                     10

## I. BACKGROUND

In this diversity action Plaintiff Steven J. Trzaska, a Pennsylvania citizen and resident,

brings a claim under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et

seq. ("CEPA"), against Defendants L'Oreal, USA, Inc. and L'Oreal, S.A.. The present movant,

Defendant L'Oreal, USA, Inc. is a citizen of Delaware, which has done business in the state of

New Jersey. Defendant L'Oreal, S.A., is a citizen of France. L'Oreal, S.A., has appeared by

counsel but has not yet filed an answer or other responsive pleading to Plaintiff's First Amended

Complaint.

Plaintiff, a Patent Attorney and former in house counsel at L'Oreal, filed his complaint

under the CEPA on April 16, 2015. After service of the Complaint upon L'Oreal, USA, Inc.,[1]

that Defendant filed a motion under Rule 12(b)(6). Thereafter, on June 24, 2015, plaintiff

exercised his right under FRCP 15 to amend his complaint once as a matter of right. Plaintiff

filed a timely First Amended Complaint on that date. Following service of this pleading upon

the Defendants via ECF, Defendant L'Oreal USA, Inc. obtained an automatic extension to plead

to First Amended Complaint via letter motion addressed to the Clerk of the Court. The instant

motion under rule 12(b)(6) was filed on July 22, 2015.

Concurrently with the above events, shortly after Plaintiff's First Amended Complaint

was filed, Defendant L'Oreal USA, Inc. made an *ex parte* request to the Clerk of the Court to

seal the First Amended Complaint. No motion was filed, either with the Clerk, via letter, or with

the District Court. The thrust of the controversy asserted by L'Oreal USA, Inc. is that certain

---

[1] L'Oreal USA, Inc. is a wholly owned subsidary of L'Oreal, S.A.

aspects of the First Amended Complaint and several exhibits thereto which, while relevant to aspects of the CEPA claim, were subject to the claim of attorney-client privilege running between L'Oreal, USA, Inc. and Trzaska, and the same should have been filed under seal. The Plaintiff disagreed, informally asserting in discussions with L'Oreal USA, Inc.'s counsel, that the documents were legitimately obtained, were necessary to cite and plead in connection with Plaintiff's assertion of a claim against his former employer and client, and that there is an exception to the privilege under well-recognized authorities. The law is clear that where a lawyer is in litigation with a former client, he may, to the extent necessary to make or defend a claim, disclose relevant confidential information. This is a black letter proposition.

Such disclosures are specifically permitted by the USPTO Rules:

37 CFR 11.106

(a) A practitioner shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, the disclosure is permitted by paragraph (b) of this section, or the disclosure is required by paragraph ( c ) of this section.

(b) a practitioner may reveal information relating to the representation of a client to the extent the practitioner reasonably believes necessary:

* * *

(5) To establish a claim or defense on behalf of the practitioner in a controversy between the practitioner and the client ...

The Pennsylvania Rules of Professional Conduct (the rules of the jurisdiction where Plaintiff is licensed) provide likewise:

Rule 1.6

(a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in

order to carry out the representation, and except as stated in (b) and ( c ).

* * *

( c ) A lawyer may reveal such information to the extent that lawyer reasonably believes necessary:

* * *

(4) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client * * *

L'Oreal's claim that the information disclosed in a pleading constituted a breach of attorney ethics is baseless: to the contrary, the disclosures in the case at bar (assuming, arguendo, that they are in fact genuine attorney-client communications) are well supported by law.

## II. RELEVANT LEGAL STANDARDS

### A.     RULE 12(b)(6) MOTION SHOULD BE DENIED IF COMPLAINT ON ITS FACTS PLEADS A PLAUSIBLE CAUSE OF ACTION

In deciding a Motion under Rule 12(b)(6), the Court must undertake a two-step process: first, "a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions, " and second, "a court should determine whether the remaining well-pleaded facts sufficiently show that the plaintiff has a 'plausible' claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir., 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).   As part of this analysis, " a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff." Ericksen v. Pardus, 551 U.S. 89, 94 (2007). See also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir,, 2008).   In Phillips the Third Circuit held that the Rule 12 (b)(6)

3

determination is "not whether the non-moving party will ultimately prevail," but whether there are "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary elements of a claim]. <u>Ibid</u>. At 234

Plaintiff's First Amended Complaint easily meets this test. The instant Motion should be denied.

**B.      <u>CEPA IS REMEDIAL AND IS TO TO BE LIBERALLY CONSTRUED</u>**

New Jersey courts have long held that CEPA, being remedial in nature, is to be construed liberally and in favor of employees who, like the Plaintiff herein, suffer employer retaliation for their statutory whistleblower activity. <u>See</u>, <u>e.g.</u>, <u>Lippman v. Ethicon, Inc.</u>, 2015 N.J. LEXIS 791 (July15, 2015) in which a unanimous New Jersey Supreme Court very recently reiterated this standard and policy of the State of New Jersey:

> The Legislature enacted CEPA in 1986. L. 1986, c. 105. The Act is considered remedial legislation entitled to liberal construction, its public policy purpose to protect whistleblowers from retaliation by employers having long been recognized by the courts of this State. <u>Abbamont v. Piscataway Twp. Bd. Of Educ.</u>, 138 N.J. 405, 431, 650 A.2d 958 (1994); <u>see.</u>, <u>e.g.</u> , <u>Doneleson</u>, <u>supra</u>, 206 N.J. at 357-58, 20 A.3d 384 (noting CEPA's liberal construction in light of its "broad remedial purpose"); <u>Dzwonar</u>, <u>supra</u>, 177 N.J. at 463, 828 A.2d 893 (<u>quoting</u> <u>Abbamont</u>, <u>supra</u>, 138 N.J. at 431, 650 A. A,.2d 958 )(same); <u>Estate of Roach v. TRW, Inc</u>. 598, 610, 754 A.2d 544 (2000) (<u>quoting</u> <u>Barrat v. Cushman & Wakefield of N.J., Inc</u>. 144 N.J. 120, 127, 675 A.2d 1094 (1996))(same).
>
> <u>Lippmann</u>, <u>supra</u> at _____ . (Footnote omitted).

In <u>Abbamont</u>, <u>supra</u>, the New Jersey Supreme Court held that:

> The purpose of CEPA *** is to protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct. Consistent with that purpose, CEPA must be considered "remedial" legislation and therefore should be construed liberally to effectuate its important social goal. Judiciary, Law and Public Safety Committee, Statement on Asssembly Bills no. 2872, 2118, 2228 (1990)(indicating that "the remedies available

4

under the 'whistleblower' act are to be liberally construed");

Abbamont, 138 N.J. at 431.

## III. ARGUMENT

### A. AMENDED COMPLAINT STATES A VIABLE CEPA CLAIM

This CEPA action is based on the wrongful discharge in December, 2014 by the defendant, L'Oreal USA, Inc. of its employee, plaintiff Steven J. Trzaska, an attorney who is a member in good standing of the Bar of the Pennsylvania Supreme Court and of the United States Patent and Trademark Office ("USPTO"). The reason for this discharge, as pleaded in the First Amended Complaint, was Mr. Trzaska's refusal to participate in a program developed by the Defendant(s) whereby L'Oreal imposed a strict numerical minimum quota of U.S. patent applications to be filed during calender year 2014. Plaintiff objected to this quota program in the latter part

Bar, and particularly the patent bar of the USPTO. The Rules governing practice before the USPTO provide, much as do the Federal Rules of Civil Procedure, that patent attorneys may not file documents with the USPTO unless they are based upon facts either known to the filing attorney, or known to him based on information and belief, and based on legal and factual support.

Mr. Trzaska was, at relevant times, Patent Counsel on an in-house basis with L'Oreal USA, Inc. After several weeks of controversy in late 2014 occasioned by the patent quota program and Trzaska's objections to same on professional grounds, L'Oreal summarily