terminated him from employment December 8, 2014. This action followed, in April, 2015. L'Oreal's firing occurred after some 24 days before the end of year deadline for the quota, after Trzaska objected to same on professional grounds, and when the quota was not met, despite the looming deadline.

Mr. Trzaska ▓▓▓▓▓▓▓▓▓▓▓▓▓ perceived that there was a serious shortcoming in worthy patent applications to be filed in advance of the deadline of December 31, 2014, this matter became controversial. The pertinent history is set forth in the First Amended Complaint at paragraphs 33-37; Exhibits A-C to First Amended Complaint.

Among other things, compliance with the annual quota in 2014 raised the prospect, in Mr. Trzaska's belief, that it would have required him to file unsubstantiated patent applications with the USPTO, in violation of the rules of practice before said forum, and in violation of his professional responsibilities as a member of the Patent Bar and of the Pennsylvania Bar. [2] Plaintiff maintains that his compliance with the Company's program would have raised imminent violations of 37 C.F.R. 11. 301, and 11.18. as well as a violation of his basic obligations as a Pennsylvania attorney under Pennsylvania's Rules of Professional Conduct, specifically Rule 3.1, which mandates candor to the tribunal ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.").

---

[2] The pathway to becoming a Patent Attorney is, first, to become a member of the bar of any state. Mr. Trzaska is admitted to practice as a member of the Bar of the Supreme Court of Pennsylvania and is also credentialed as a patent attorney, by virtue of the passing the Patent Bar examination and meeting the other qualifying requirements to become a member of the Bar of the U.S. Patent and Trademark Office (USPTO).

**B. L'OREAL SOUGHT TO UNDERMINE PLAINTIFF'S MANDATED DUTY OF INDEPENDENT PROFESSIONAL JUDGMENT**

37 C.F.R. 11.201, which governs practitioners before the USPTO,

provides as follows:

> **Section 11.201 Advisor.**
>
> In representing a Client, a practitioner **shall exercise independent professional judgment, and render candid advice**. In rendering advice, a practitioner may refer not only to law, but to other considerations such as moral, economic, social and political factors that may be relevant to the client's situation.

(Emphasis added).

By its plain language, this CFR requirement is mandatory, not discretionary. L'Oreal's implementation and attempted enforcement of its policy of a pure numbers and time-driven annual patent application quota, in the context of the events of this case, was a *per se* instruction from L'Oreal, to its patent attorneys such as Plaintiff, to subordinate their independent professional judgment to the business wishes of the client. Plaintiff objected to this policy (paragraphs 55-57, First Amended Complaint) and the Company discharged him for this. ( Ibid., paragraphs 64-65 ). There is, on these facts, plainly a viable CEPA claim.

During the last quarter of 2014, when L'Oreal's end of year deadline loomed and there was pressure from top management to meet the quota, the Company fired Trzaska when he voiced objections to the application quota. (First Amended Complaint at paragraphs 57-59).

Of relevance to this deadline

**Exhibit B, first Amended Complaint**



The patent quota must be viewed, for purposes of this Rule 12(b)(6), against the substantive law laid down in the CFR, including, but not limited to, Section 11.201's mandate that attorneys must exercise independent professional judgment in their dealings with clients.

Of relevance to CEPA, taking the Complaint's allegations as true, the instant record establishes a viable CEPA claim: 1) Plaintiff, as a patent attorney, had a good faith belief that a relevant law was implicated; 2) without doubt, a defined body of law is identified, that governing USPTO practice; 3) L'Oreal gave Plaintiff