# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | | |
|---|---|---|
| STEVEN J. TRZASKA | : | |
| Plaintiff | : | Civil Action No. |
| | : | 2:15-cv-02713-SDW-SCM |
| v. | ; | |
| | ; | |
| L'OREAL USA, INC., ET AL | ; | |
| | ; | |
| Defendants | ; | |

## MEMORANDUM OF LAW OF PLAINTIFF IN OPPOSITION TO MOTION OF DEFENDANT L'OREAL, S.A. TO DISMISS COMPLAINT UNDER FRCP 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS

GERARD J. JACKSON, ESQUIRE
1500 North Kings Highway
Suite 205
Cherry Hill, NJ 08034
(856) 229-7620
ATTORNEY FOR PLAINTIFF

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | HISTORY OF THE CASE | 1 |
| II. | ARGUMENT | 3 |
| A. | SERVICE ON L'OREAL, S.A. WAS PROPER: HAGUE CONVENTION PERMITS SERVICE BY MAIL WHERE DESTINATION COUNTRY HAS NOT OBJECTED TO THIS METHOD | 3 |
| B. | HAGUE CONVENTION DOES NOT REQUIRE TRANSLATION OF LEGAL DOCUMENTS WHERE SERVICE IS MADE BY MAIL | 9 |
| C. | ORDINARY INTERNATIONAL MAIL WAS SUFFICIENT TO PROVIDE NOTICE AND AN OPPORTUNITY TO BE HEARD | 11 |
| D. | NO REQUIREMENT OF SERVICE OR MAIL TRANSMISSION BY CLERK OF COURT | 11 |
| | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

## CASES

Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir., 1986)        4, 5, 7

Bankston v. Toyota Motor Corp., 889 F.2d 172 (8th Cir., 1989)        4, 5, 6, 7, 8

DeJames v. Magnificence Carriers, Inc., 654 F.2d 280 (3d Cir., 1981)        5

Eli Lilly & Co. v. Roussel Corp., 23 F. Supp.2d 460 (D-NJ, 1998)        7

EOI Corp. Medical Marketing Ltd., 172 F.R.D. 133 (D-NJ, 1997)        7

Lemme v. Wine of Japan Import, 631 F. Supp.456 (E.D., NY, 1986)        10

McClenon v. Nissan Motor Corp., 726 F. Supp. 822 (N.D., Fla., 1989)        10

Mitchell v. Theriault, 516 F. Supp. 2d 450 (M.D., Pa., 2007)        7

Raffa v. Nissan Motor Co.,141 F.R.D. 45 (E.D., Pa, 1991)        7

R. Griggs Group Limited v. Filanto Spa, 920 F. Supp. 1100 (D.-Nevada, 1996)        6

Rogers v. Kishara, 2006 U.S. District LEXIS 74870 (D-NJ, 2006)        7

Trump Taj Mahal Associates v. Hotel Services, Inc., 183 F.R.D. 173
   (D-NJ, 1998)        6, 7

Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988)        4, 6

## TREATISES

1B. Ristau, International Judicial Assistance, Civil and Commercial        5


The Practical Handbook on the Operation of the Hague Service
Convention (HCCH)        10, 11

## STATUTE

New Jersey Conscientious Employee Protection Act , N.J.S.A. 34:19-1 et seq
("CEPA")                                                                    1

## TREATY

Hague Convention on Service Abroad of Judicial and Extrajudicial
 Documents in Civil or Commercial Matters                              Passim

## RULES

F.R.C.P. 4                                                              11, 12

F.R.C.P. 1                                                                  12

I.   **HISTORY OF THE CASE**

Plaintiff filed this case under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq ("CEPA") on April 16, 2015.  The Defendants in this diversity case are L'Oreal USA, Inc. a Delaware corporation, which is a wholly owned subsidiary of Defendant L'Oreal, S.A., a French business entity.

Plaintiff served his Complaint on L'Oreal, USA, Inc., and that Defendant has appeared and does not contest service.

Plaintiff, utilizing one of several Hague Convention provisions for international service of process in a civil case, sent the Summons and Complaint to L'Oreal, S.A. at its corporate address in France.  The means of transmission was US Postal Service International Mail.  The process was addressed to Jean Paul Agon, the CEO of L'Oreal, S.A. The USPS confirmed delivery of the letter with enclosures to L'Oreal on May 27, 2015 See Affidavit of Service (Document 13).

This service by mail was made under one of three provisions for international service of process under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").  Both France and the United States are signatories and contracting states under this Convention. Article 10 of the Convention provides in relevant part as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with –

> a) the freedom to send judicial documents, by postal channels, directly to persons abroad

France has recorded with the Hague Conference that it has no objection to the operation of Article 10(a) – ( c ) of the Convention. See **Exhibit A** attached, as excerpted (Table Reflecting Applicability of Articles 8(2), 10(a)(b) and ( c ), 15(2) and 16(3) of the Hague Service Convention. Source: http://www.hcch.net/upload/applicability14.ePDF Thus, it has assented to postal channels for service under the Convention. While the Convention provides for other means of service of process, Plaintiff utilized postal service, as provided for in Article 10.

The moving Defendant was served May 27, 2015, and on June 11, 2015 L'Oreal S.A. appeared by counsel and filed a Letter Motion addressed to the Clerk seeking an automatic extension to plead to the Complaint. (Document 8). The Clerk entered a text order on June 17 granting said request, and resetting the answer date to July 22.

In the interim, Defendant L'Oreal USA, Inc. (only) filed Rule 12(b)(6) Motion to Dismiss the Complaint on June 5. Plaintiff, on June 24, exercised his right to amend his Complaint as a matter of course, and filed a First Amended Complaint on that date. This had the procedural effect of superseding the original Complaint. This would have required L'Oreal, S.A. to answer or plead by July 2. However, the parties agreed to two extensions for L'Oreal S.A. to plead, as appears by stipulations of record.

On August 14, 2015 L'Oreal, S.A. filed its Motion to dismiss for Insufficiency of Service of Process under Rule 12(b)(5), and for a stay of time within which L'Oreal may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2), in the event that its Motion to Dismiss under Rule 12(b)(5) is not granted.

## II. ARGUMENT

### A. SERVICE ON L'OREAL, S.A. WAS PROPER: HAGUE CONVENTION PERMITS SERVICE BY MAIL WHERE DESTINATION COUNTRY HAS NOT OBJECTED TO THIS METHOD

Both France and the United States are signatories to the Hague Convention, and are bound by its provisions. The Convention provides several options for service of process abroad. In the order set forth in the Convention, they are: (1) by the Central Authority of a receiving State (Articles 2–7); (2) by diplomatic or consular channels (Article 8); and (3) by postal channels, provided the country of destination does not object (Article 10). Plaintiff made service via Article 10(a), which provides in relevant part as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> a) the freedom to send judicial documents, by postal channels directly to persons abroad

The plain language of the Convention allows for service exactly as Plaintiff made it in this case, by international mail. (France has not lodged an objection to service by postal channels). This was proper service. There is no requirement under the Convention that a party use consular or diplomatic channels, where, as here, the destination country has not objected to use of postal channels.

3

Moreover, there is nothing unusual or unorthodox about this recognized mode of service. The Hague Convention was concluded in November, 1965, and was ratified by the U.S. Senate in 1969. As a ratified treaty, it is unquestionably the law of the land. <u>Ackermann v. Levine</u>, 788 F.2d 830, 838 (2d Cir., 1986) (quoting U.S. Const. Article VI, cl. 2). Indeed, the United States Supreme Court has held, in <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694 (1988), that where service of process emanating from a U.S. Court is to be made outside the United States in a Hague signatory country, the Convention is the <u>exclusive</u> means of service.

Notwithstanding the above, there is a division of authority among the Federal Circuits as to whether postal service is a proper method under the Convention. This split is illustrated by two major cases, <u>Ackermann v. Levine</u>, 788 F.2d 830 (2d Cir., 1986) which holds that postal service is indeed permitted by the Convention, and <u>Bankston v. Toyota Motor Corp.</u>, 889 F.2d 172 (8th Cir., 1989), which holds to the contrary. This dispute centers on whether service of process (i.e., service of original jurisdictional papers, such as a Summons, as in the case at bar, as opposed to secondary papers, e.g., motions or notices) may be made under Article 10(a) of the Convention. The core issue is whether "send" as used in Article 10(a) should in practice have the same meaning as the word "service" in subsections (b) and ( c ) of Article 10. The United States Supreme Court has not spoken specifically on the topic of service by mail. The Third Circuit Court of Appeals has not done so directly, but has observed in dicta, in the context of the various options for service abroad under the Hague Convention, that:

> The treaty provides for methods of serving judicial and extrajudicial documents that the signatories to the treaty have agreed to honor. It provides that each signatory shall designate a Central Authority to process requests for service, **but it also allows service to be effected without using the Central Authority as long as the nation receiving service has not objected to the method used.**

4