**EXHIBIT B**

RELEASED IN FULL

United States Department of State

*The Legal Adviser*

*Washington, D.C. 20520*

March 14, 1990

L2

Harry W. Swegle, Esquire
Washington Liaison
National Center for State Courts
444 N. Capitol St., N.W.
Suite 608
Washington, D.C. 20001

Subject: Bankston v. Toyota Motor Corporation, 8th Circuit, No. 89-1249, November 13, 1989

Dear Mr. Swegle:

I am writing with reference to the interpretation of United States treaty obligations in the recent Bankston decision. As you are aware, while courts in the United States have final authority to interpret international treaties for the purposes of their application as law in the United States, they give great weight to treaty interpretations made by the Executive Branch. Rest. 3rd, Restatement of Foreign Relations Law of the United States §326(2) (1986).

The United States Government did not have an opportunity to express its views on the issues before the 8th Circuit Court of Appeals in Bankston. The November 28 issue of The United States Law Week first brought the November 13, 1989 decision of the Court of Appeals in Bankston to the attention of the Office of the Legal Adviser in the Department of State and the Office of Foreign Litigation in the Justice Department, which serves as the U.S. Central Authority under the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638. The Circuit Court in Bankston, examining Toyota's motion to dismiss for improper service on the defendant in Japan by registered mail rather than under the procedures set out in the Hague Service Convention (to which both the United States and Japan are parties), concluded that service of the summons and complaint by registered mail to a defendant in a foreign country (Japan) is not a method of service of process permitted by the Hague Convention.

We understand from appellant's/plaintiff's counsel that the time period for filing a petition for a rehearing in Bankston has elapsed. We understand further that neither the plaintiff nor the Court of Appeals was aware of a statement made by the delegate of Japan in April, 1989 at a meeting of representatives of countries

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: OSCAR J OLSON
DATE/CASE ID: 08 JUN 2010 200902335

that have joined the Hague Service Convention that appears to be relevant to the basic question addressed in the Bankston case. The Japanese statement in question was the result of efforts by the Departments of State and Justice to encourage the Government of Japan to clarify its position with regard to the service of process in Japan by mail from another country party to the Hague Service Convention. Enclosed is a copy of the report of that meeting prepared by the Permanent Bureau of the Hague Conference on Private International Law. The statement and the relevant report language may be found at pages 9 and 11 of the report and read as follows:

> "Question D: Have there been any court decisions in your country interpreting Article 10 a of the Hague Service Convention which reads as follows:
>
>> "Provided the State of destination does not object, the present Convention shall not interfere with –
>>
>> a  the freedom to send judicial documents, by postal channels, directly to persons abroad ..."

It was pointed out that the postal channel for service constitutes a method which is quite separate from service via the Central Authorities or between judicial officers. Article 10 a in effect offered a reservation to Contracting States to consider that service by mail was an infringement of their sovereignty. Thus, theoretical doubts about the legal nature of the procedure were unjustified. Nonetheless, certain courts in the United States of America in opinions cited in the "Checklist" had concluded that service of process abroad by mail was not permitted under the Convention.

The Japanese delegation explained that their Government wished the following statement of position to be made known:

> "Japanese position on Article 10 a of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters:
>
> Japan has not declared that it objects to the sending of judicial documents, by postal channels, directly to persons abroad. In this connection, Japan has made it clear that no objection to the use of postal channels for sending judicial documents to persons in Japan does not necessarily imply that the sending by such a method is considered valid service in Japan; it merely indicates that Japan does not consider it as infringement of its sovereign power."

It was understood that the Japanese position as expressed in this statement would be included in the next revision of the Practical Handbook on the Hague Service Convention."
[The Handbook is published by the Hague Conference.]

We consider that the Japanese statement represents the official view of the Japanese Government that Japan does not consider service of process by mail in Japan to violate Japanese judicial sovereignty and that Japan does not claim that such service would be inconsistent with the obligations of any other country party to the Hague Service Convention vis-a-vis Japan. The Japanese statement suggests, however, that it is possible, and even likely, that service in Japan by mail, which may be considered valid service by courts in the United States, would <u>not</u> be considered valid service in Japan for the purposes of Japanese law. Thus, a judgment by a court in the United States based on service on the defendant in Japan by mail, while capable of recognition and enforcement throughout the United States, may well not be capable of recognition and enforcement in Japan by the courts of that country.

We therefore believe that the decision of the Court of Appeals in <u>Bankston</u> is incorrect to the extent that it suggests that the Hague Convention does not permit as a method of service of process the sending of a copy of a summons and complaint by registered mail to a defendant in a foreign country.

We believe that it would be useful, in an effort to spare plaintiffs in the United States unnecessary time and expense, for your Center to bring the Japanese statement to the attention of State courts. You may, in doing so, wish to inform them that International Legal Materials, published by the American Society of International Law, reprinted the entire Report of the April session at The Hague in its November, 1989 issue, 28 I.L.M. 1556-1569 (1989). As an additional means of bringing the Japanese Statement and our interpretation of it to the attention of the courts and the private bar, we are sending a copy of this letter to the editor of International Legal Materials with the recommendation that the letter be reproduced in that publication in the near future.

Sincerely yours,

*Alan J. Kreczko*
Alan J. Kreczko
Deputy Legal Adviser

Enclosure: Hague Conference Report