NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC. and L'ORÉAL, S.A.,<br><br>　　　　　　　　Defendants. | Civil Action No: 15-cv-02713-SDW-LDW<br><br>**OPINION**<br><br><br>December 12, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant L'Oréal, S.A.'s ("Defendant" or "L'Oréal, S.A.") Motion to Dismiss Plaintiff Steven J. Trzaska's ("Plaintiff") First Amended Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **DENIED**.

I.　　BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a patent attorney, is a former employee of Defendant's subsidiary (and co-defendant) L'Oréal USA, Inc. ("L'Oréal USA"), a domestic cosmetics corporation. (Am. Compl. ¶¶ 2-4.) Defendant L'Oréal, S.A. is a "corporation or other business entity organized and existing under the laws of France. Defendant maintains offices at 14 Rue Royale 75 381 Paris Cedex 08

1

France." (*Id.* ¶ 5.) On April 16, 2015, after Plaintiff was terminated from his position as head of patents at L'Oréal USA, he filed suit in this Court against L'Oréal USA and L'Oréal, S.A. for wrongful retaliatory discharge under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1 *et seq.* (Dkt. No. 1.) The Clerk of the Court issued a Summons for Defendants the next day. (Dkt. No. 2.)

On May 22, 2015, Plaintiff's counsel mailed a copy of the Summons and Complaint by way of the United States Postal Service, "Priority Mail Express International" to Jean-Paul Agon, (CEO of L'Oréal, S.A.) at the 14 Rue Royale address. (Dkt. No. 13.) Plaintiff's counsel averred that "[s]aid mailing constitutes Service of Process pursuant to applicable law, including but not limited to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361." (*Id.* ¶ 8.) On May 28, 2015, Defendant received the Summons and Complaint. (Dkt. No. 8.) On June 11, 2015, Defendant moved to extend its time to "answer, move, or otherwise reply" and indicated that it intended to challenge service of process. (*Id.*)

On June 24, 2015, Plaintiff filed his First Amended Complaint. (Dkt. No. 10.) Plaintiff certified that he had served L'Oréal, S.A. and L'Oréal USA "via ECF service on counsel." (Dkt. No. 10.) A month later, on July 22, 2015, Eric Savage, Esq. first filed his notice of appearance for Defendant. (Dkt. Nos. 14, 15.) On both August 14, 2015 and October 9, 2015, Defendant moved to dismiss Plaintiff's Complaint and First Amended Complaint for insufficient service of process. (Dkt. Nos. 30, 40.) This Court dismissed both motions as moot. (Dkt. Nos. 34, 43, 44.)[1] On

---

[1] On October 30, 2015, this Court granted L'Oréal USA's motion to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted. (Dkt. Nos. 43, 44, 45.) On November 20, 2015, Plaintiff appealed. (Dkt. No. 47.) On April 13, 2016, Defendant moved to dismiss that appeal as to L'Oréal, S.A., or, in the alternative, to stay the appeal pending a decision from this Court regarding its motion to dismiss for ineffective service. The Third Circuit advised the parties that both Plaintiff's appeal and Defendant's motion to dismiss would be heard by the merits panel, forcing Defendant to respond to the merits of the appeal. In its papers, however, Defendant took

2

October 11, 2017, Defendant filed the instant motion, seeking again to dismiss the First Amended Complaint pursuant to Rule 12(b)(5). (Dkt. No. 62.) Plaintiff filed his opposition on November 3, 2017, and Defendant replied on November 27, 2017. (Dkt. Nos. 67, 70.)

## II. LEGAL STANDARD

Because a federal court may not exercise personal jurisdiction over a defendant until the defendant has been properly served, *see Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), Rule 12(b)(5) allows a district court to dismiss a case for "insufficiency of service of process." FED. R. CIV. P. 12(b)(5); *see also Wahab v. New Jersey Dep't of Envtl. Prot.*, Civ. No. 12-6613-BRM-TJB, 2017 WL 4790387, at *5 (D.N.J. Oct. 24, 2017). "The party asserting the validity of service bears the burden of proof on that issue," *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993), and district courts have "'broad discretion' when assessing" these motions. *Wahab*, 2017 WL 4790387 at *5 (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). "Where a plaintiff acts in good faith, but fails to effect proper service of process . . . courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726-JLL-MAH, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013).

## III. DISCUSSION

---

no position on the substance of Plaintiff's appeal, and reiterated its position that it had not been properly served. (Dkt. No. 67-1, Ex. A at 1-6.) As such, this Court is unpersuaded by Plaintiff's argument that Defendant waived its objection to improper service or consented to this Court's jurisdiction by participating in the appeal. (*See* Pl.'s Opp'n Br. at 20-23.) The Third Circuit issued its decision on July 25, 2017, denying Defendant's motion, reinstating Plaintiff's claims, and remanding for further proceedings. (Dkt. No. 51.)

Federal Rule of Civil Procedure 4 sets out the guidelines for proper service of process for foreign business entities located outside the United States. Specifically, Rule 4(h) provides in relevant part that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED. R. CIV. P. 4(h).

Rule 4(f) provides that service in a foreign country may be effectuated in one of the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by: . . .
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

In order for Plaintiff's service on Defendant to be valid, it must comport with the three possible means of service set forth in Rule 4(f).

Here, Plaintiff claims that mailing the Summons and Complaint to Defendant satisfied Rule 4(f)(1) because that means of service is authorized by the Hague Convention (the "Convention").[2]

---

[2] The Convention is a multinational treaty ratified by the United States in 1965 "intended to facilitate service of process abroad and ensure defendants sued in foreign jurisdictions receive actual and timely notice of suit." *Moore*

Article 10 of the Convention provides, in relevant part, that so long as the "State of destination does not object, the Present Convention shall not interfere with - a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . .." (Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 UST 3161, *see* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited December 8, 2017)). However, although the Convention permits service by mail under certain circumstances, the United States Supreme Court recently held that it does not "affirmatively authorize service by mail." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (internal citation omitted) [3]; *see also Moore v. Toyota Motor Corp.*, Civ. No. 17-1379, 2017 WL 5257050, at *2 (E.D. La. Nov. 13, 2017) (discussing the effect of *Water Splash*). Because the Convention does not affirmatively authorize service by mail, Plaintiff has not made proper service pursuant to 4(f)(1).[4]

---

*v. Toyota Motor Corp.*, Civ. No. 17-1379, 2017 WL 5257050, at *2 (E.D. La. Nov. 13, 2017); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

[3] Although *Water Splash* was decided nearly two years after Plaintiff attempted to serve Defendant, its holding applies retroactively to this matter. *See, e.g.*, *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) (noting that when the Supreme Court "applies a rule of federal law to the parties before it, that rule is controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless whether such events predate or postdate our announcement of the rule") (internal citation omitted).

[4] *Water Splash* notes that the Convention permits service by mail "if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." 137 S. Ct. at 1513. Plaintiff's service is invalid even under this alternative standard. Although France has not objected to Article 10(a)'s provision allowing for service by postal channels, (*see* Dkt. No. 67-1 Ex. B), federal law does not authorize service by mail when sent by a party via the postal service to a foreign entity outside of the United States. *See* FED. R. CIV. P. 4(f); *Moore*, 2017 WL 5257050, at *2 (stating that "[s]ervice by regular international mail is not authorized by applicable federal law").

The "primary means by which service is accomplished under the Convention is through a receiving country's 'Central Authority.' The Convention affirmatively requires each member country to designate a Central Authority to receive documents from another member country. The receiving country can impose certain requirements with respect to those documents . . . If the documents comply with applicable requirements, the Convention affirmatively

Nor did Plaintiff validly serve Defendant under Rule 4(f)(2). French law does not permit the service of process via mail, *see* Dkt. No. 62-2 Ex. B., English Affidavit at 2-7 (detailing the requirements of service under French law), this matter does not involve a letter rogatory or a letter of request, and the mailing at issue was not sent by the Clerk of this Court. *See* FED. R. CIV. P. 4(f)(2). Finally, Plaintiff has not made service pursuant to Rule 4(f)(3) because he has never sought a court order authorizing another form of service. Therefore, Plaintiff has failed to properly serve the Summons and original Complaint on Defendant. Plaintiff's electronic filing of the First Amended Complaint did nothing to cure that defect and does not independently constitute proper service on Defendant.

However, this Court rejects Defendant's characterization of Plaintiff's service attempts as "lax," "intentionally cavalier" or "lacking any respect for the rules of service of process abroad and the basic principles of due process." (Def.'s Br. at 1, 6; Def.'s Reply Br. at 2.) Ignoring Defendant's hyperbole, this Court is satisfied that Plaintiff made a good-faith, albeit unsuccessful, attempt to serve Defendant. (*See* Dkt. No. 13 (discussing the steps Plaintiff took to serve Defendant)).[5] Further, this Court finds that Defendant has been apprised of the suit, has been given notice of the claims against it, and would suffer no prejudice from being properly served at this time. Therefore, this Court will grant Plaintiff one more opportunity to serve Defendant. *See Umbenhauer*, 969 F.2d at 30 (noting the district court's "broad discretion" in this area and stating that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service

---

requires the Central Authority to effect service in its country." *Brockmeyer v. May*, 383 F.3d 789, 801 (9th Cir. 2004).

[5] Prior to the Supreme Court's decision in *Water Splash*, numerous opinions in this district had held that service on a foreign defendant by regular mail was permissible. *See, e.g.*, *Super 8 Worldwide, Inc. v. 3082649 Nova Scotia, Ltd.*, Civ. No. 14-6275 (KM)(JBC), 2016 WL 1118497, at *1 (D.N.J. Mar. 22, 2016) (citing cases and holding that "service of process through postal channels under the Hague Service Convention and Rule 4(f)(1)" was acceptable).

6

may yet be obtained"). Plaintiff is ordered to properly serve Defendant with a copy of the Summons, original Complaint, and First Amended Complaint[6] within 60 days.[7]

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. Plaintiff shall serve process on Defendant within sixty (60) days. An appropriate order follows.

                                                /s/ Susan D. Wigenton

                                                SUSAN D. WIGENTON, U.S.D.J

Orig:         Clerk
cc:           Leda D. Wettre, U.S.M.J.
                 Parties

---

[6] Although Plaintiff is ordered to serve Defendant with both the original Complaint and First Amended Complaint, this Court reminds the parties that the First Amended Complaint is the operative pleading in this matter.

[7] This Court also notes that this decision does not preclude Plaintiff from asking Defendant to waive service pursuant to Rule 4(d)(1).