**LITTLER MENDELSON, P.C.**
One Newark Center - 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant L'Oréal, S.A.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN J. TRZASKA,<br><br>           Plaintiff,<br><br>-against-<br><br>L'OREAL USA, INC. and L'OREAL, S.A.,<br><br>           Defendants. | Civil Action No. 2:15-cv-02713 (SDW)(LDW)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF L'OREAL, S.A. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Electronically Filed** |

Defendant L'Oréal, S.A. ("L'Oréal, S.A."), by and through its attorneys, Littler Mendelson, P.C., for its Answer to the First Amended Complaint of Plaintiff Steven J. Trzaska ("Plaintiff") filed on June 24, 2015 in United States District Court for the District of New Jersey (the "Amended Complaint"), states:

1.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies same

2.      States that the allegations contained in Paragraph 2 of the Amended Complaint are not addressed to L'Oréal, S.A. and that as a result, no response is required.

3.      States that the allegations contained in Paragraph 3 of the Amended Complaint are not addressed to L'Oréal, S.A. and that as a result, no response is required.

4.      States that the allegations contained in Paragraph 4 of the Amended Complaint are not addressed to L'Oréal, S.A. and that as a result, no response is required.

5. With regard to the allegations contained in Paragraph 5 of the Amended Complaint, L'Oréal, S.A. admits that it is a business entity organized under the laws of France and maintains offices at 14 Rue Royale 75 381 Paris Cedex 08 France, and denies the remaining allegations thereof.

6. States that the allegations contained in Paragraph 6 the Amended Complaint set forth a legal conclusion as to which no response is required. To the extent a response is required, L'Oréal, S.A. admits that Plaintiff purports to base jurisdiction under 28 U.S.C. § 1332, denies that there exists any basis in law or fact for any claim against L'Oréal, S.A., and denies that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Denies the allegations contained in Paragraph 7 of the Amended Complaint.

8. States that the allegations contained in Paragraph 8 the Amended Complaint, including subparagraphs (a) through (h), set forth a legal conclusion as to which no response is required and, to the extent a response is required, denies the allegations thereof.

9. States that the allegations contained in Paragraph 9 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required and to the extent a response is required, denies so much of the allegations thereof as pertain to L'Oréal, S.A.

10. States that the allegations contained in Paragraph 10 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required and to the extent a response is required, denies so much of the allegations thereof as pertain to L'Oréal, S.A.

11. Denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. States that the allegations contained in Paragraph 13 of the Amended Complaint are not addressed to L'Oréal, S.A. and that as a result, no response is required.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies same.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies same.

16. States that the allegations contained in Paragraph 16 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and further states that the provisions of 37 CFR §11 *et seq*. speak for themselves.

17. States that the allegations contained in Paragraph 17 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and further states that the Rules of Professional Conduct of Pennsylvania speak for themselves.

18. States that the allegations contained in Paragraph 18 of the Amended Complaint state a legal conclusion as to which no responsive pleading is required, and further states that the Rules of the United States Patent and Trademark Office speak for themselves.

19. States that the allegations contained in Paragraph 19 of the Amended Complaint state a legal conclusion as to which no responsive pleading is required, and respectfully refers this Court to the regulations quoted therein for the terms thereof.

20. States that the allegations contained in Paragraph 20 of the Amended Complaint state a legal conclusion as to which no responsive pleading is required.

21. Denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.   States that the allegations contained in Paragraph 27 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

28.   States that the allegations contained in Paragraph 28 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

29.   States that the allegations contained in Paragraph 29 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

30.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint and therefore denies same.

31.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and therefore denies same.

32.   Denies the allegations contained in Paragraph 32 of the Amended Complaint except to admit that in or about October 2014, Plaintiff met with. Mr. Pahin and Ms. Land.

33.   With respect to the allegations contained in Paragraph 33 of the Amended Complaint, respectfully refers this Court to the entire document referred to therein for the terms thereof, denies the allegations thereof insofar as they relate to L'Oréal, S.A., and lacks knowledge

and information sufficient to form a belief as to truth of the remaining allegations thereof and therefore denies same.

34. With respect to the allegations contained in Paragraph 34 of the Amended Complaint respectfully refers this Court to the entire document referred to therein for the terms thereof, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

35. With respect to the allegations contained in Paragraph 35 of the Amended Complaint, respectfully refers this Court to the entire document referred to therein for the terms thereof, admits that Jean-Paul Agon is the Chairman and Chief Executive Officer of L'Oréal, S.A., denies the remaining allegations thereof insofar as they relate to L'Oréal, S.A., and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

36. With respect to the allegations contained in Paragraph 36 of the Amended Complaint, respectfully refers this Court to the entire document referred to therein for the terms thereof, denies the allegations thereof insofar as they relate to L'Oréal, S.A., and lacks knowledge and information sufficient to form a belief as to truth of the remaining allegations thereof and therefore denies same.

37. With respect to the allegations contained in Paragraph 37 of the Amended Complaint, respectfully refers this Court to the entire document referred to therein for the terms thereof, denies the allegations thereof insofar as they relate to L'Oréal, S.A., and lacks knowledge and information sufficient to form a belief as to truth of the remaining allegations thereof and therefore denies same.

38. States that the allegations contained in Paragraph 38 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a

response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A., and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

39. Denies the allegations contained in Paragraph 39 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

40. States that the allegations contained in Paragraph 40 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

41. States that the allegations contained in Paragraph 41 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

42. States that the allegations contained in Paragraph 42 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

43. States that the allegations contained in Paragraph 43 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required and to the extent a response is required, denies the allegations thereof.

44. States that the allegations contained in Paragraph 44 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required and to the extent a response is required, denies the allegation thereof.

45. Denies the allegations contained in Paragraph 45 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

46. Denies the allegations contained in Paragraph 46 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

47. Denies the allegations contained in Paragraph 47 of the Amended Complaint insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

48. States that the allegations contained in Paragraph 48 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

49. States that the allegations contained in Paragraph 49 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

50. Denies the allegations contained in Paragraph 50 of the Amended Complaint insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

51. Denies the allegations contained in Paragraph 51 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

52. Denies the allegations contained in Paragraph 52 of the Amended Complaint insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

53. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint and denies same.

54. With respect to the allegations contained in Paragraph 54 of the Amended Complaint, respectfully refers this Court to the entire document referred to therein for the terms thereof, denies the allegations thereof insofar as they relate to L'Oréal, S.A., and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

55. Denies the allegations contained in Paragraph 55 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

56. Denies the allegations contained in Paragraph 56 of the Amended Complaint except to admit that in or about October 2014, Plaintiff met with. Mr.Pahin and Ms. Land.

57. Denies the allegations contained in Paragraph 57 of the Amended Complaint insofar as they refer to L'Oréal S.A.

58. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint and therefore denies same.

59. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint and therefore denies same

60. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint and therefore denies same.

61. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint and therefore denies same.

62. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint and therefore denies same

63. States that the allegations contained in Paragraph 63 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

64. States that the allegations contained in Paragraph 64 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

65. Denies the allegations contained in paragraph 65 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

66. States that the allegations contained in Paragraph 66 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

67. Denies the allegations contained in Paragraph 67 of the Amended Complaint insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

68. States that the allegations contained in Paragraph 68 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

69. States that the allegations contained in Paragraph 69 of the Amended Complaint are vague and ambiguous because the term "L'Oréal" [sic] is not defined. To the extent a response is required, L'Oréal, S.A. denies the allegations thereof insofar as they pertain to L'Oréal, S.A. and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

70. States that the allegations contained in Paragraph 70 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and to the extent a response is required, denies the allegations thereof insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

71. States that the allegations contained in Paragraph 71 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and to the extent a response is required, denies the allegations thereof insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

72. Denies the allegations contained in paragraph 72 of the Amended Complaint insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

73. States that the allegations contained in Paragraph 73 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and to the extent a response is required, denies the allegations thereof insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

74. States that the allegations contained in Paragraph 74 of the Amended Complaint set forth a legal conclusion as to which no responsive pleading is required, and to the extent a response is required, denies the allegations thereof insofar as they relate to L'Oréal, S.A. and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations thereof and therefore denies same.

### FIRST DEFENSE

The Amended Complaint should be dismissed pursuant to FRCP 12(b)(5) for insufficient service of process.

### SECOND DEFENSE

The Amended Complaint fails to state a claim or a cause of action upon which this Court can grant relief as to L'Oréal, S.A.

**THIRD DEFENSE**

The Amended Complaint fails to state a claim or cause of action for which L'Oréal, S.A. may be found liable because Plaintiff was never an employee of L'Oréal, S.A.

**FOURTH DEFENSE**

Plaintiff's claims are barred because on information and belief, Plaintiff was an at-will employee of L'Oréal USA, Inc. and therefore, was subject to termination or change in the conditions of his employment at any time, with or without cause or prior notice.

**FIFTH DEFENSE**

The actions of L'Oréal, S.A. were not a proximate or actual cause of the damages alleged by Plaintiff.

**SIXTH DEFENSE**

If Plaintiff has been damaged as alleged, Plaintiff's damages have been caused by his own acts, by the acts of persons or entities other than L'Oréal, S.A., or by acts of persons or entities over which L'Oréal, S.A. had no control and for which it is therefore not responsible

**SEVENTH DEFENSE**

In the event that Plaintiff suffered any damages, said damages were caused by persons not under the control or supervision of L'Oréal, S.A.

**EIGHTH DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate his damages and is barred from relief as a result.

**NINTH DEFENSE**

The Amended Complaint fails to state a claim upon which an award of attorneys' fees may be granted against L'Oréal, S.A.

**TENTH DEFENSE**

The Amended Complaint fails to state a claim upon which an award of punitive damages may be granted against L'Oréal, S.A.

**ELEVENTH DEFENSE**

To the extent Plaintiff alleges claims for negligence or for physical or mental and emotional distress, including claims for the recovery of any medical expenses incurred thereby, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 *et seq*.

**TWELFTH DEFENSE**

One or more of Plaintiff's claims are barred by the applicable statutes of limitations.

**THIRTEENTH DEFENSE**

L'Oréal, S.A. reserves the right to assert additional defenses based upon facts learned during discovery or any determination by the Court that L'Oréal, S.A. was an employer of Plaintiff, a contention that L'Oréal, S.A. expressly denies.

**WHEREFORE**, L'Oréal, S.A. requests that all of Plaintiff's claims and requests for relief be denied, and that judgment be entered dismissing the Amended Complaint against it with prejudice, together with its attorneys' fees and costs of suit and such other and further relief as this Court may deem just and proper.

**CERTIFICATION PURSUANT TO L. Civ. R. 11.2**

The undersigned counsel for Defendant L'Oréal, S.A. certifies that to the best of his knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                          **LITTLER MENDELSON, P.C.**
                                          Attorneys for Defendant L'Oréal, S.A..

                                          By: *s/ Eric A. Savage*
                                                   Eric A. Savage

Dated: March 12, 2018

**CERTIFICATION OF SERVICE**

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer to be electronically served via ECF service to Daniel Bencivenga, Esq. Raynes McCarty, 10,000 Lincoln Drive E, One Greentree Center, Suite 201, Marlton, New Jersey 08053 and Rosemary Alito, Esq., K&L Gates, LLP, One Newark Center, 10th Floor, Newark, New Jersey 07102

                                            *s/ Eric A. Savage*
                                              Eric A. Savage

Dated: March_12, 2018

Frmwide:153271477.1 085437.1001