UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA,<br>　　　　　　　　　　　　Plaintiff, | Civil Action No.<br>2:15-cv-02713-SDW-LDW |
| v. | Hon. Leda Dunn Wettre, U.S.M.J. |
| L'ORÉAL USA, INC. and L'ORÉAL, S.A.,<br>　　　　　　　　　　　　Defendants. | JOINT DISCOVERY PLAN |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

 As averred in his First Amended Complaint, Plaintiff Stephen Trzaska, a patent lawyer, was fired in December 2014 by Defendants L'Oréal USA, Inc. and L'Oréal, S.A. because he objected to the Defendants' patent quota scheme and refused to file patent applications for the Defendants that he and his staff reasonably believed were not patentable. His claim is based upon New Jersey's Conscientious Employee Protection Act ("CEPA"). Since his firing, Mr. Trzaska has been unable to find comparable employment and seeks both economic and non-economic damages from the Defendants.

 Defendant L'Oréal USA, Inc. ("L'Oréal USA") denies Plaintiff's allegations, and maintains that it terminated his employment as part of a reduction in force not on account of any protected activity, but rather, because of Plaintiff's poor work performance over time and the legitimate needs of the business area in which he worked. Additionally, even if Plaintiff had a viable CEPA claim, which he does not, the after-acquired evidence doctrine cuts off all or the majority of his alleged damages, because Plaintiff wrongfully diverted and publically disclosed L'Oréal USA's privileged communications.

 Defendant L'Oréal, S.A. ("L'Oréal, S.A.") denies Plaintiff's factual allegations and legal claims. Plaintiff was at all times an employee of L'Oréal USA, Inc. L'Oréal, S.A. never employed Plaintiff and does not qualify as an "employer" for purposes of CEPA.

2.  Have settlement discussions taken place? Yes __X__ No _____

    If so, when? __Mediation before the Third Circuit Court of Appeals on March 18, 2016__

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $ __4,000,000__
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer: $ __103,510 by L'Oréal USA, Inc.  L'Oréal, S.A. has not made any monetary or non-monetary offer.__
        (2) Non-monetary offer: _____

3.  The parties [have____ -have not __X__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. Parties have agreed to exchange information on or before May 15, 2018.

4.  Describe any discovery conducted other than the above disclosures.

    For Plaintiff: The parties have not yet conducted any discovery. In response to the Defendants' comments below, Plaintiff Trzaska retained documents evidencing his whistleblowing activities and other documents in support of his CEPA claim.

    For Defendants: None, other than Plaintiff's self-discovery during his employment with L'Oréal USA, by which he apparently sent select L'Oréal USA emails to his personal email address and then retained them for use in this lawsuit.

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    - Renewal of L'Oréal USA's Motion to Seal Materials, originally filed July 22, 2015, but undecided
    - L'Oréal USA's Application for Discovery Confidentiality Order
    - L'Oréal, S.A. reserves the right to file motions related to discovery including but not limited to whether discovery as to it should proceed under the Hague Convention, and whether discovery as to it is barred, in whole or in part, by French law.

    Plaintiff notes that discovery on the French defendant is controlled by the Supreme Court's decision in *Societe Nationale Industrielle*

*Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987) and that this Court retains jurisdiction to order a foreign national party before it to produce evidence physically located within that nation, notwithstanding the mandates of the Hague Convention or foreign law. Likewise, the Court retains jurisdiction to compel the depositions of foreign parties in accord with the Federal Rules of Civil Procedure. *See Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F.Supp.2d 525, 534 (D.N.J. 2009); *AstraZeneca LP v. Breath Ltd.*, 2011 WL 1421800 (D.N.J. Mar. 31, 2011).

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   It is Plaintiff's position that discovery will include, but not be limited to, the following:
   - All liability and damages issues related to both defendants.

   It is L'Oréal USA's position that discovery will include, but not be limited to, the following:
   - All claims and defenses
   - Plaintiff's alleged complaints regarding L'Oréal USA's patent processes
   - Plaintiff's health records (physical and mental), with accompanying authorizations
   - Plaintiff's mitigation of damages, including any post-termination job search efforts
   - Any other lawsuits, complaints, or claims Plaintiff has brought

   It is L'Oréal S.A.'s position that discovery will include, but not be limited to, the following:

   > L'Oréal, S.A contends that discovery should first be conducted with regard to the claims made by Plaintiff against L'Oréal USA and the defenses asserted by Defendant L'Oréal USA. Specifically, L'Oréal, S.A. should become engaged in discovery abroad only to the extent that Plaintiff requests and demonstrates a need for documents which repose solely in the possession of L'Oréal, S.A. and are not available in the United States or within the records of Plaintiff or L'Oréal USA. The parties shall diligently attempt to obtain from inside the U.S. all documents from any other U.S. party or U.S. non-party prior to seeking to obtain documents from France. To the extent any documents residing solely in France are sought through the discovery process, each request shall be assessed on acase-by-case basis to determine the appropriate method for obtaining discovery pursuant to the test set forth in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*,

> 482 U.S. 522 (1987) ("the determination of whether to resort to the Convention requires prior scrutiny in each case of the particular facts, sovereign interests, and likelihood that such resort will prove effective"), and to determine whether (a) the information should be obtained only in compliance with the Hague Convention and/or (b) whether disclosure of the information is prohibited or limited by French law. Id. (instructing courts to "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position" and that "such analysis is fact specific and based on each discovery request and the competing interests.")
>
> Plaintiff does not agree that discovery should be bifurcated or staged, as L'Oréal, S.A. suggests. Rather, Plaintiff believes that he should be permitted to conduct discovery simultaneously on both Defendants. To the extent that L'Oréal, S.A. objects to such discovery, it is free to raise its objections consistent with the Supreme Court's decision in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987).

(b)     Should discovery be conducted in phases?   If so, explain.

It is Plaintiff's position that fact discovery should not be conducted in phases. For Plaintiff, this is a straight forward fact based case on both liability and damages issues; thus, there is no need to conduct discovery in phases. See Section 6(a) above.

It is L'Oréal USA's position that fact discovery should be structured in the most efficient way possible, and that having fact discovery proceed in phases may significantly aide this goal.

It is L'Oréal S.A.'s position that fact discovery should proceed as set forth in Section (a) above.

(c)     Number of Interrogatories by each party to each other party: __25__

(d)     Number of Depositions to be taken by each party: __10*__

* Plaintiff may seek permission from the Court for additional depositions, if necessary.

(e)     Plaintiff's expert report due on: <u>expert report as to liability, November 30, 2018; expert report as to damages, deadline to be determined after the court has ruled on any summary judgment motions or after the time has passed for the parties to move for summary judgment</u>.

(f) Defendants' expert report due on: <u>expert report as to liability, December 31, 2018; expert report as to damages, deadline to be determined after the court has ruled on any summary judgment motions or after the time has passed for the parties to move for summary judgment</u>.

(g) Motions to Amend or to Add Parties to be filed by <u>July 31, 2018</u>.

(h) Dispositive motions to be served within <u>60</u> days of completion of discovery.

(i) Factual discovery to be completed by <u>October 31, 2018</u>.

(j) Expert discovery to be completed by <u>deadline to be determined after the court has ruled on any summary judgment motions or after the time has passed for the parties to move for summary judgment</u>.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

L'Oréal USA will apply for a Discovery Confidentiality Order, in the same or substantially the same form as Appendix S to the Local Rules.

Defendants propose that Plaintiff's deposition be completed before any defense witness depositions are taken. Plaintiff disagrees. Moreover, the order of deponents was never discussed nor agreed to by the parties during their meet and discuss conference call. Plaintiff's position is that the depositions should be taken in an efficient and expeditious matter, regardless of the order of deponents.

L'Oréal, S.A.: See Sections 6 (a) and (b) above, regarding discovery between Plaintiff and L'Oréal USA, Inc., to take place prior to discovery from L'Oréal, S.A. and any information maintained exclusively in France. Plaintiff disagrees. *See* Sections 6(a) and (b) above.

L'Oréal, S.A.: All depositions of French residents shall take place in France and will be taken through an interpreter. Plaintiff disagrees. *See* Sections 6(a) and (b) above. Plaintiff believes that videoconference depositions will be necessary as per Section 8 below.

(l) A pretrial conference may take place on <u>within 30 days from the end of expert discovery.</u>

(m) Trial by jury or non-jury Trial? <u>By jury</u>

(n) Trial date: <u>within 45 days from the pretrial conference</u>.

5

7. Do you anticipate any discovery problem(s)? Yes_____ No _____
If so, explain.

> Plaintiff does not anticipate any discovery problems.
>
> L'Oréal USA does not anticipate any discovery problems.
>
> defendant L'Oréal, S.A. is a French corporation, as to which discovery should be conducted under the Hague Convention. In addition, the company is subject to the laws of France, including the French blocking statute and data privacy laws, both of which prohibit or limit the disclosure of certain documents and information. Plaintiff disagrees. *See* Sections 6(a) and (b) above.

8. Do you anticipate any special discovery needs (*i.e.*, videotape/telephone depositions, problems with out-of-state witnesses or documents, *etc.*)?
Yes  X          No _____
If so, explain:   The parties anticipate the need for videotape depositions.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, *etc.*).

> The parties do not believe that this case is appropriate for voluntary arbitration, mediation, or appointment of a special master, as a mediation session was already held before the Third Circuit, and the parties remained very far apart in their positions.

10. Is this case appropriate for bifurcation? Yes_____ No _____

> L'Oréal S.A.: Please see Sections 6(a) and 6(b) above. L'Oréal S.A. takes the position that fact discovery should proceed first as to materials and witnesses in the U.S. and only thereafter as to materials or witnesses in France, to the extent required. Plaintiff does not believe this case is appropriate for bifurcation. See his comments to Sections 1, 6(a) and (b) above.

11.     We [do_____ do not\_\_\_X_____] consent to the trial being conducted by a Magistrate Judge.

*Daniel Bencivenga*
Daniel Bencivenga, Esquire
Harold I. Goodman, Esquire
Amber M. Racine, Esquire
Raynes Lawn Hehmeyer
One Greentree Center, Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
856-854-1556

Attorneys for Plaintiff Steven Trzaska

s/ *Laura Scully*
Rosemary Alito, Esquire
Laura Scully, Esquire
K&L Gates LLP
One Newark Center
10th Floor
Newark, NJ 07102
(973) 848-4000

Attorneys for Defendant L'Oréal USA

s/ *Eric A. Savage*
Eric A. Savage, Esquire
Littler Mendelson, PC
One Newark Center
Eighth Floor
Newark, NJ 07102-5311
(973) 848-4706

Attorney for Defendant L'Oréal, S.A.

Dated: April 18, 2018