UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK VICINAGE)

---

STEVEN J. TRZASKA,

             Plaintiff,

v.

L'OREAL USA, INC. and
L'OREAL, S.A.,

             Defendants.

CIVIL ACTION
No. 2: 15-cv-02713-SDW-SCM

Return Date: May 6, 2019

---

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF BY RAYNES LAWN HEHMEYER**

In accordance with Local Civil Rule 102.1, Raynes Lawn Hehmeyer respectfully seeks leave to withdraw from representing Plaintiff in this case.

## DISCUSSION

Under Local Rule 103.1, practice before this Honorable Court is governed by the Rules of Professional Conduct as enumerated by the New Jersey Supreme Court. New Jersey Rule of Professional Conduct Rule 1.16, details the circumstances in which withdrawal by counsel of record is permitted (*see* RPC 1.16(b)) and required (*see.* RPC 1.16(a)). *See Cuadra v.Univision Commc'ns, Inc.*, No. 09-4946 (JLL), 2012 WL 1150833, at *4 (D.N.J. Apr.4, 2012) (evaluating withdrawal motion under RPC 1.16).

In particular, a lawyer "shall withdraw" if (1) "the representation will result in violation of the rules of professional conduct or other law," (2) "the lawyer's physical or

mental condition materially impairs the lawyer's ability to represent the client," or (3) "the lawyer is discharged." RPC 1.16(a). And a lawyer "may withdraw" if (1) "withdrawal can be accomplished without material adverse effect on the interests of the client," (2) "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent," (3) "the client has used the lawyer's services to perpetrate a crime or fraud," (4) "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement," (5) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," (6) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," or (7) "other good cause for withdrawal exists."

In this case, withdrawal is appropriate under RPC 1.16. The specific facts and circumstances supporting this motion, however, must be kept confidential under RPC 1.6, which governs the confidentiality of client information. If the Court requires additional information to evaluate the basis for withdrawal, we respectfully request that the Court schedule an *in camera* hearing before Judge Wettre, outside the presence of all other parties, and permit counsel to submit a declaration detailing the reasons for withdrawal, *in camera*, in advance thereof, in order to ensure that the confidentiality of our client's information is preserved.

## **CONCLUSION**

The motion to withdraw should be granted. If the Court needs additional information, we respectfully request that the Court schedule an *in camera* hearing before Judge Wettre and permit the submission of an *in camera* declaration.

Respectfully submitted,

Daniel Bencivenga
Amber M. Racine
Harold I. Goodman
*admitted pro hac vice*

Dated: March 25, 2019

## CERTIFICATE OF SERVICE

On March 25, 2019, I served a true and correct copy of this memorandum on all counsel of record via the Court's ECF system; and served a copy upon Mr. Trzaska at his home address via certified mail, return receipt requested and Federal Express.

Amber M. Racine