# K&L GATES

April 22, 2019

Rosemary Alito
rosemary.alito@klgates.com

T +1 973 848 4022
F +1 973 848 4001

**VIA ECF**

Hon. Susan D. Wigenton, U.S.D.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Trzaska v. L'Oréal USA, Inc., et ano*, Civil Action No. 2:15-cv-2713-SDW-LDW

Dear Judge Wigenton:

This firm represents Defendant L'Oréal USA, Inc. ("L'Oréal USA") in this matter. We write in response to the motion to withdraw as counsel for Plaintiff ("Motion"), filed by his current attorneys, Raynes Lawn Hehmeyer, on March 25, 2019 and returnable on May 6, 2019. While L'Oréal USA does not oppose the Motion, its basis is presently unclear from the moving papers, and L'Oréal USA believes both the Court and the parties should at least be provided with certain non-privileged information sufficient to understand the reason(s) for the request. *See, e.g.*, *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993) (noting that "withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause," and referencing potential reasons for withdrawal, including "fairness to litigants and preserving a court's resources and efficiency") (citations omitted).

Additionally, L'Oréal USA respectfully requests that should Your Honor grant the Motion, Plaintiff not be afforded an opportunity to propound additional written discovery or notice further depositions, other than an expert deposition. Aside from two depositions of L'Oréal USA witnesses which had previously been scheduled, Plaintiff's discovery is complete. The withdrawal of Plaintiff's counsel, should it be granted, should not serve as an excuse to expand discovery. It is L'Oréal USA's position that Plaintiff should be limited to the discovery previously propounded.

Thank you for Your Honor's consideration.

Respectfully submitted,

Rosemary Alito

cc:     Counsel of Record (*via ECF*)