**UNITED STATES DISTRIC COURT**
**DISTRICT OF NEW JERSEY (NEWARK VICINAGE)**

| | | |
|---|---|---|
| STEVEN J. TRZASKA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| L'OREAL USA, INC. and | : | **No. 2: 15-cv-02713-SDW-SCM** |
| L'OREAL, S.A., | : | |
| Defendants | : | **Return Date: May 20, 2019** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION OF COUNSEL TO WITHDRAW**

Plaintiff Steven J. Trzaska submits his Brief in Opposition of Motion of Counsel for Leave to Withdraw, as follows:

### I. STATEMENT OF FACTS

Plaintiff agrees that discussion of the issues in question should be kept confidential and joins in Movant's suggestion that the issues could more appropriately and more fully be addressed in an *in camera* proceeding.

### II. Argument

It is well established under New Jersey law that the attorney-client relationship is highly fiduciary on the part of counsel and is imbued with ultimate

1

Case 2:15-cv-02713-SDW-LDW Filed 05/03/19 Page 2 of 4

trust and confidence, with the attorney's obligations transcending those prevailing in the commercial marketplace and imposing special and unique duties, to include the utmost fair and honest dealings, undivided loyalty, and safeguarding and honoring the client's interest over the lawyer's. See e.g., Karlin v. Weinberg, 77 N.J. 408, 418-419, 390 A.2c 1161 (1978); Cohen v. Radio-Electronics Officers, 275 N.J. Super. 241, 254, 645 A.2d 1248 (1994) (quoting with approval) In the Matter of Cooperman, 83 N.Y.2d 465, 472, 611 N.Y.S.2d 465, 467, 633 N.E.2d 1069, 1070 (1994).

Accordingly, as a general proposition, New Jersy law seems quite clear that the withdrawal of counsel in circumstances such as may be presented in the present action can properly be disallowed. The following statement is illustrative of the concerns expressed in the decisions:

> [A]n attorney has certain obligations and duties to a client once representation is undertaken. These obligations do not evaporate because the case becomes more complicated or the work more arduous or the retainer is not as profitable as first contemplated or imagined... Attorneys must never lose sight of the fact that "the profession is a branch of the administration of justice and not a mere money-getting trade." Canons of Professional Ethics, No. 12. As Canon 44 of the Canons of Professional Ethics so appropriately states: "The lawyers should not throw out the unfinished task to the detriment of his client except for reasons of hone or self-respect."

Kriegsman v. Kriegsman, 150 N.J. Super. 474, 479-480 (App. Div. 1977) (internal citation omitted). Accord, Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422-424 (D.N.J. 1993).

The decision to allow withdrawal of counsel under the provision of Rule 1.16 is entirely within the discretion of the Court. As such, withdrawal may properly be

Case 2:15-cv-02713-SDW-LDW    Filed 05/03/19    Page 3 of 4

refused despite a showing of good cause. See e.g., McKowan Lowe & Co., LTD. V. Jasmin, LTD., (D.N.J., September 12, 2005).

In exercise of such discretion, the Court should look to the following factors: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause the other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. See e.g., Haines v. Liggett Group, Inc., *supra*, 814 F. Supp. At 422-423.

In the present action, Plaintiff maintains that Movants have not and cannot make an adequate showing of good cause for withdrawal under Rule 1.16; and, alternatively, that even assuming Movants may make a minimally adequate showing of good cause, the present motion should nevertheless be properly denied given the unnecessary and substantial risks of material prejudice to Plaintiff, the other parties' interest, and the Court's interest in the orderly and efficient administration of justice.

More specifically, Plaintiff submits that for Movants to be allowed to withdraw, in the absence of substitute counsel having been retained and standing ready to make an appearance and proceed with the case at this late stage, would be severely prejudice Plaintiff.

In this regard, Movants' implied suggestion that the potential for prejudice could be ameliorated by a ninety-day stay of proceedings is believed in all likelihood to be woefully insufficient to adequately protect Plaintiff from prejudice at this late stage of the case. This point is clearly supported by Plaintiff's inability to secure substitute counsel after diligently trying to do so since Movants' filing of their motion on March 25, 2019, i.e., for over one month.

The following citations are relevant to the presentation that will be made in camera."

Case 2:15-cv-02713-SDW-LDW    Filed 05/03/19    Page 4 of 4

New Jersey Rules of Professional Conduct 1.16(d) provides:

> (d)Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, **such as giving reasonable notice to the client,** allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred.

New Jersey Rules of Professional Conduct 1.16(b) provides:

> (b)Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:(1)withdrawal can be accomplished without material adverse effect on the interests of the client;

Finally, Plaintiff submits that as was true in Haines v. Liggett Group, Inc., *supra*, 814 F. Supp. 426-428, there are important public policy consideration regarding access to justice and the proper administration of the business of this Court that would be ill-served by permitting Movants to withdraw from this action, effectively abandoning Plaintiff.

### III. CONCLUSION

Accordingly, Plaintiff Steve J. Trzaska respectfully requests this Honorable Court deny the Motion for Leave to Withdraw as Counsel.

Respectfully Submitted,

Dated: May 1, 2019

Steven J. Trzaska
Plaintiff