NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 5, 2020

Harold I. Goodman, Esq.
Amber M. Racine, Esq.
Raynes Lawn Hehmeyer
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103
*Counsel for Plaintiff*

Rosemary Alito, Esq.
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
*Counsel for Defendant L'Oréal USA, Inc.*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Trzaska v. L'Oréal USA, Inc. & L'Oréal, S.A.
      Civil Action No. 15-2713 (SDW) (LDW)

Counsel:

Before this Court is Plaintiff Steven J. Trzaska's ("Plaintiff") Appeal of Magistrate Judge Leda D. Wettre's January 6, 2020 Letter Order ("January 6th Order") denying Plaintiff's application to compel production of three privileged emails (the "Emails"). (D.E. 146, 148.) This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, affirms the Magistrate Judge's decision.

**DISCUSSION**

A.   Standard of Review for Appeal of Magistrate Judge's Order

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

  B. <u>Judge Wettre's January 6th Order Is Not Clearly Erroneous Or Contrary to Law</u>

The January 6th Order correctly recognized that the "attorney-client privilege attaches to any communication between an attorney and client that is made in confidence and for the purpose of obtaining or providing legal assistance." (*See* D.E. 146 at 2 (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007).) The Order also summarized the relevant facts of this case, which were comprehensively presented by the parties in numerous written submissions and during a telephonic hearing held on October 21, 2019. (*Id.* at 1; *see also* D.E. 148-2 Ex. 3, 4.) A review of those facts, specifically that the emails in question were: 1) between L'Oréal USA, Inc.'s General Counsel and an executive of L'Oréal, S.A.; 2) sent after Plaintiff had informed L'Oréal USA that he was contemplating litigation; 3) regarding Plaintiff's severance negotiations and providing legal advice about Plaintiff; and 4) marked as "Attorney-Client Privileged" when written, fully supports the application of the attorney-client privilege and denial of Plaintiff's request for production. (*See* D.E. 146 at 2 (noting that no exception to the privilege applied and that no waiver existed).)

In declining to conduct an *in camera* review of the three emails in question, Judge Wettre acted within her discretion. *See, e.g., Speth v. Goode*, Civ. No. 95-264, 2013 WL 3412050, at *6 (D.N.J. July 3, 2013), *aff'd* 607 F. App'x (3d Cir. 2015). *In camera* review is generally disfavored, and the fact that defense counsel was willing to make documents available to the Court does not obligate the Court to conduct an *in camera* review, nor does it preclude counsel from arguing that such a review is unnecessary. *See e.g.*, *Corbi v. Marina Assocs.*, Civ. No. 08-5875, 2009 WL 10727983, at *2 (D.N.J. July 14, 2009).

This Court does not find that the Magistrate Judge's decision was clearly erroneous or contrary to law, and will, therefore, affirm her ruling.

**<u>CONCLUSION</u>**

For the reasons set forth above, Magistrate Judge Wettre's January 6, 2020 Letter Order is **AFFIRMED**. An appropriate order follows.

                  ___/s/ Susan D. Wigenton_____
                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
   Leda D. Wettre, U.S.M.J.