UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN J. TRZASKA,

          Plaintiff,

     v.

L'ORÉAL USA, INC. and L'ORÉAL, S.A.,

       Defendants.

Civil Action No. 15-2713 (SDW)

**CLERK'S ORDER
GRANTING IN PART
AND DENYING IN PART
L'ORÉAL, S.A.'S MOTION
TO TAX COSTS**

This matter has come before the Clerk on the unopposed motion [Dkt. Entry 193] of Defendant L'Oréal, S.A. ("Defendant") to tax costs against Plaintiff Steven J. Trzaska ("Plaintiff," "Trzaska") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.

This is the second of a pair of taxation motions in this CEPA case.  The Clerk previously ruled on the motion of Defendant's co-defendant and subsidiary, L'Oréal USA, Inc., to tax costs against Trzaska ("Clerk's L'Oréal USA Order").  [Dkt. Entry 197].  Therefore, he incorporates herein the procedural history and legal standards set forth therein, and supplements them to the extent necessary to address novel issues.

As with L'Oréal USA, Inc., prevailing party status was bestowed upon Defendant by the Court's entry of summary judgment in Defendants' favor on October 23, 2020.  [Dkt. Entries 189, 190].  Defendant then filed the present motion to tax costs on November 20, 2020.  [Dkt. Entry 193].  Like its co-defendant's, Defendant's motion complies with all of the technical requirements of our local court rule, L. Civ. R. 54.1 - it was timely and includes the requisite notice of motion [Dkt. Entry 193], AO 133 form with § 1924 verification [Dkt. Entry 193-1], and supporting invoices, as well as the Declaration of its counsel, Eric A. Savage, Esq.,

("Savage Decl.") [Dkt. Entry 193-2], describing the nature of the requested costs.  In addition to seeking the $3,369.70 cost of five deposition transcripts, Defendant requests the $2,265.82 cost of interpretation, or a total of $5,635.52.  As noted in the Clerk's L'Oréal USA Order, this motion too is unopposed by Plaintiff.

### _Fees for Transcripts, § 1920 (2)_

Under the § 1920 (2) category of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," Defendant asks for the costs of the printed transcripts covering the depositions of:  Trzaska ($549.25); Patricia Rocha ($616.20); Diane Lewis ($659.65); Sarah Hibberson ($1,389.35); and Andrew Verzilli ($155.25).

These five transcripts were among the seven which the Clerk previously found were necessary for use in the case.  Excerpts of all but the Verzilli transcript were appended to the parties' summary judgment briefing, and the Verzilli transcript was essential because Professor Verzilli was Plaintiff's damages expert.  Savage Decl. ¶¶ 12, 13.  Additionally, Defendant asks for the costs of just the printed transcripts, and no extraneous, non-taxable services.  Therefore, for the reasons set forth in the Clerk's L'Oréal USA Order, the Clerk taxes this entire **$3,369.70** cost.

### _Compensation of Interpreters, § 1920 (6)_

The only other cost for which Defendant seeks reimbursement is the $2,265.82 cost of interpretation, falling under the § 1920 (6) category of "compensation of interpreters."

There is a bit of history underlying this cost, which consists of the fee for interpreting between French and English during the video-conferenced depositions of Defendant's Parisian-based executives, Denis Boulard and Jean-François Pahin, on March 14 and 15, 2019.  Before

the depositions, counsel for Plaintiff and Defendant submitted letters to the Court [Dkt. Entries 103, 106], outlining disputed issues, such as the location of the depositions, the need for interpretation and the party responsible for the cost of interpretation.  After a telephone conference, on February 8, 2019, the Court entered a text order [Dkt. Entry 108], directing the depositions to occur in France, with testimony by the deponents in their native French and with the assistance of an interpreter, the cost of which would be evenly split between Plaintiff and Defendant.

Our local court rule, L. Civ. R. 54.1(g) (2), caps interpretation fees by specifying that "[f]ees, salaries, expenses and costs of an interpreter are taxable as provided by 28 U.S.C. §§ 1827 and 1828."  Section 1827 states that "[t]he Director [of the Administrative Office of the United States Courts] shall prescribe, subject to periodic review, a schedule of reasonable fees for services rendered by interpreters, certified or otherwise, used in proceedings instituted by the United States, . . ."  28 U.S.C. § 1827(b)(3).  Therefore, the Clerk refers to the fees established by the Administrative Office of the Courts ("AO") to determine these taxable costs. On the dates in question, the AO's rate for a full day of services by a certified interpreter was $418.00. www.uscourts.gov/services-forms/federal-court-interpreters.

While the Court ordered the parties to share the cost of interpretation, from the prepaid invoice submitted by Defendant [Dkt. Entry 193-1 at 5-7], it appears that L'Oréal, S.A. bore the entire cost.  There is no indication that the $2,265.82 cost was split with Plaintiff.  Even so, the Clerk cannot order Trzaska to pay 50%, or $1,132.91.  On this motion to tax, the Clerk is constrained by the limits set forth in § 1920 and L. Civ. R. 54.1.  He will allow prevailing party Defendant the cost of two days' interpretation at the AO rate of $418/day.  Pursuant to § 1920 (6), the fees for interpretation are taxed in the amount of **$836.00**.

### _Conclusion_

Combining the granted costs of transcripts ($3,369.70) and interpretation ($836.00), the Clerk taxes a total of **$4,205.70**.

For the reasons set forth above, Defendant's motion to tax costs is hereby granted in part and denied in part, and Judgment is entered in favor of Defendant **L'Oréal, S.A.** and against Plaintiff **Steven J. Trzaska** in the amount of **$4,205.70**.

WILLIAM T. WALSH, CLERK

By:  <u>S/John T. O'Brien</u>
       Deputy Clerk

March 3, 2021